IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHRISTIAN MIRANDA GONZALEZ, A221-425-432, | § § § | |
| *Petitioner,* | § § | |
| VS. | § § | CIVIL ACTION NO. SA-25-CV-1831-FB |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD LYONS, Acting Director of ICE; PAMELA BONDI, U.S. Attorney General; MIGUEL VERGARA, Field Office Director of Enforcement and Removal Operations, San Antonio Field Office, Immigration and Customs Enforcement; and BOBBY THOMPSON, South Texas Detention Center, | § § § § § § § § § § § | |
| *Respondents.* | § § | |

## <u>*ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS*</u>

Before the Court is the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 filed on December 20, 2025 (ECF No. 1 ); Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction filed on December 20, 2025 (ECF No. 2); the Federal Respondents' Response filed on January 5, 2026 (ECF No. 5); and Petitioner's Reply in Support of Habeas Petition and Preliminary Injunction filed on January 12, 2026 (ECF No. 7).  After careful consideration and review of the briefing, provided evidence, and applicable law, the Petition (ECF No. 1) is GRANTED as follows for the reasons set forth below:

1.  Respondents are **DIRECTED** to **RELEASE** Petitioner Christian Miranda Gonzalez (A221-425-432) from custody, under appropriate conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **as soon as practicable, but in no event later than noon on Friday, January 16, 2026**.

2.    Respondents must **NOTIFY** Petitioner's counsel by email[1] or by an in-person telephone conference (a voicemail does not comply with this order) of the exact location and time of Petitioner's release as soon as practicable and at least two hours before his release.

3.    Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4.    If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5.    The Respondents shall **FILE** a Status Report no later than **noon on January 16, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

## I.  <u>BACKGROUND</u>

According to the Petition, Petitioner Christian Miranda Gonzalez is a citizen of Mexico who entered the United States in approximately 2001 at the age of 8 years old and has resided in the United States since that time.  He is the father of three U.S. citizen children, ages 13, 7, and 5, who he actively helps to raise.  Petitioner has no criminal history except for traffic violation related offenses.  Petitioner came into the custody of ICE by being detained outside of his home on August 29, 2025, and does not appear to have been charged with any offense other than ICE detention. He was initially detained at Prairieland Detention Center in Alvarado, Texas, but was moved in September 23, 2025 to the South Texas facility in which he has been held without a hearing since that time.

In the instant habeas petition, Petitioner asserts several claims, including that his detention violates: (1) statutory provisions of the Immigration and Nationality Act ("INA"), (2) the due process clause of the Fifth Amendment, and (3) ICE's own regulations, and a request for an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA).  His primary argument is that his detention violates the plain language of the INA because § 1225(b)(2)(A) does not apply to individuals who

---

[1] Email: Dan@GividenLaw.com or telephone:  (972) 256-8641.

previously entered and are now residing in the United States. Instead, such individuals are subject to a different statute, § 1226(a) that (1) expressly applies to individuals who are charged as inadmissible for having entered the United States without inspection and (2) allows for release on conditional parole or bond. He contends that Respondents' new legal interpretation is plainly contrary to the statutory framework and contrary to decades of agency practice applying § 1226(a) to people like him.

## II. <u>LEGAL STANDARD</u>

Habeas petitioners must show they are "in custody in violation of the Constitution or laws or treaties of the United States." *Villanueva v. Tate*, ___ F. Supp. 3d ___, ___, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)). They "bear[] the burden of proving that [they are] being held contrary to law; and because the habeas proceeding is civil in nature, the petitioner must satisfy [this] burden of proof by a preponderance of the evidence." *Id*. (quoting *Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011) and citing *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976)). Courts "considering a habeas petition must 'determine the facts and dispose of the matter as law and justice require.'" *Id.* (quoting 28 U.S.C. § 2243).

## III. <u>ANALYSIS</u>[2]

Petitioner argues his continued detention by ICE is based on Respondents' novel reading of 8 U.S.C. § 1225(b)(2)(A), which was adopted by the Board of Immigration Appeals on September 5, 2025. *See In re Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025).

Respondents assert that their detention of Petitioner is proper under § 1225(b)(2)(A), which allows indefinite detention without a bond hearing. They contend that he is properly detained pursuant

---

[2] In its analysis of the facts, issues, and arguments presented in this case, the Court notes close similarity to that presented in many recent Petitions for Writ of Habeas Corpus filed in the Western District of Texas, and specifically, the San Antonio Division. The Court finds the reasoning in these similar cases persuasive and finds the ultimate determination based upon this reasoning correct. For that reason, and for the sake of expediency, the Court follows these opinions closely. *See, e.g., Becerra Vargas v. Bondi*, Civil Action No. SA-25-CV-1023-FB (HJB) (W.D. Tex., Nov. 26, 2025) (Report and Recommendation at docket #18 accepted by the Court at docket #21); *Acea-Martinez v. Noem*, Civil Action No. SA-25-CV-01390-XR (W.D. Tex., Oct. 28, 2025) (docket #9).

to § 1225(b)(2)(A) for non-expedited removal proceedings under § 1229a.  Further, given the plain

language of § 1225(a)(1), Respondents contend Petitioner cannot dispute that he is an applicant for

admission, nor can he plausibly challenge the determination that he is "seeking admission" simply

because he is not currently at the border requesting to come into the United States. Respondents also

challenge this Court's jurisdiction. The Court will address the jurisdictional challenges first.  *See*

*Louisiana v. United States Dep't of Energy*, 90 F.4th 461, 466 (5th Cir. 2024) ("Jurisdiction is always

first.").

A.      **Challenges to Jurisdiction**

As a threshold matter, Respondents argue that 8 U.S.C. §§ 1252(g) and 1225(b)(4) preclude

review of Petitioner's claims. The Court addresses each section in turn.

1. <u>**Section 1252(g)**</u>

Section 1252(g) provides that "no court shall have jurisdiction to hear any cause or claim by or

on behalf of any alien arising from the decision or action by the Attorney General to commence

proceedings, adjudicate cases, or execute removal orders against any alien under [Chapter 12 of Title 8

of the United States Code]." The Supreme Court has emphasized that § 1252(g) "applies only to three

discrete actions that the Attorney general may take:  her 'decision or action' to '*commence proceedings,*

*adjudicate cases,* or *execute* removal orders." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S.

471, 482 (1999) (emphasis in original) (quoting 8 U.S.C. § 1252(g)). This provision "does not bar courts

from reviewing an alien detention order, because such an order, while intimately related to efforts to

deport, is not itself a decision to execute removal orders and thus does not implicate section 1252(g)."

*Santiago v. Noem*, No. EP-25-CV-361-KC, 2025 WL 2792588, at *3 (W.D. Tex. Oct. 2, 2025) (cleaned

up) (quoting *Cardoso v. Reno*, 216 F.3d 512, 516–17 (5th Cir. 2000)).

Petitioner does not challenge a decision to commence removal proceedings, adjudicate a case

against him, or execute a removal order. He instead specifically challenges the decision, or basis, to

detain him.  For this reason, § 1252(g) does not deprive the Court of jurisdiction under these facts and specific challenge.  *See Guevara v. Swearingen*, No. 25 C 12549, 2025 WL 3158151, at *2 (N.D. Ill. Nov. 12, 2025).

**2. <u>Section 1225(b)(4)</u>**

Respondents' arguments under 8 U.S.C. § 1225(b)(4) are also unpersuasive. Section 1225(b)(4) provides:

> The decision of the examining immigration officer, if favorable to the admission of any alien, shall be subject to challenge by any other immigration officer and such challenge shall operate to take the alien whose privilege to be admitted is so challenged, before an immigration judge for a proceeding under section 1229a of this title.

This section is not relevant in cases like this one involving "an 'applicant for admission' who has not received a favorable determination of his admissibility." *Erazo Rojas v. Noem*, No. EP-25-CV-443-KC, 2025 WL 3038262, at *2 (W.D. Tex. Oct. 30, 2025). Nor does it pose a jurisdictional bar in such cases.  *Id.*; *accord Ordonez-Lopez v. United States Dep't of Homeland Sec.*, No. EP-25-CV-470-KC, 2025 WL 3123828, at *2 (W.D. Tex. Nov. 7, 2025) (rejecting same argument).

While Respondents may have intended to refer to 8 U.S.C. § 1252(b)(4), to the extent they "intended to refer to § 1225(b)(4) as a jurisdictional bar to Petitioner's claims, the Court finds nothing in that subsection that bars its jurisdiction here." *Cardona-Lozano v. Noem*, No. 1:25-CV-1784-RP, 2025 WL 3218244, at *1 n.2 (W.D. Tex. Nov. 14, 2025). And "to the extent that Respondents invoke § 1252(b)(4), that section fails to assert a valid jurisdictional bar." *Id.* at *2.  "Because Petitioner does not assert a challenge to an order of removal, nothing in that subsection bars Petitioner from seeking relief from his continued detention in this case." *Id.*

Similarly, to the extent Respondents merely intend to use § 1225(b)(4) to bolster a jurisdictional argument under § 1252(b)(9), the Court will restate its position on the § 1252(b)(9) jurisdictional issue beginning with the next paragraph.  But "their appeal to § 1225(b)(4) does not alter the Court's prior

conclusion that § 1252(b)(9) does not bar it from hearing a habeas petitioner's challenge to their

detention." *Erazo Rojas*, 2025 WL 3038262, at *2.

### 3. Section 1252(b)(9)

To the extent Respondents contend that 8 U.S.C. § 1252(b)(9) presents a jurisdictional bar, the

Court rejects that contention. Section 1252(b)(9) provides:

> Judicial review of all questions of law and fact, including interpretation and application
> of constitutional and statutory provisions, arising from any action taken or proceeding
> brought to remove an alien from the United States under this subchapter shall be available
> only in judicial review of a final order under this section. Except as otherwise provided
> in this section, no court shall have jurisdiction, by habeas corpus . . . or by any other
> provision of law (statutory or nonstatutory), to review such an order or such questions of
> law or fact.

Section 1252(b)(9) "does not present a jurisdictional bar where those bringing suit are not asking

for review of an order of removal, the decision to seek removal, or the process by which removability

will be determined." *Department of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 19 (2020)

(cleaned up); *accord Nielsen v. Preap*, 586 U.S. 392, 402 (2019). This provision "does not . . . 'sweep

within its scope claims with only a remote or attenuated connection to the removal of an alien' . . . [or]

preclude review of claims that 'cannot be raised efficaciously within the administrative proceedings'

already available." *Duron v. Johnson*, 898 F.3d 644, 647 (5th Cir. 2018) (quoting *Aguilar v. ICE*, 510

F.3d 1, 10 (1st Cir. 2007)).

Courts have found that "certain claims are excluded from the sweep of section 1252(b)(9) by

virtue of legislative intent and judicial precedent." *Aguilar*, 510 F.3d at 11. For example, challenging a

decision to deny a bond hearing does not present circumstances that manifest a jurisdictional bar under

§ 1252(b)(9). *Preap*, 586 U.S. at 402. And the provision's "legislative history indicates that Congress

intended to create an exception for claims 'independent' of removal." *Aguilar*, 510 F.3d at 11.

Notably, § 1252(b) merely sets forth nine applicable requirements "[w]ith respect to review of

an order of removal under subsection (a)(1)." *Ozturk v. Hyde*, 136 F.4th 382, 399 (2d Cir. 2025) (quoting

introductory text of § 1252(b)). The circumstances of this case do not place any order of removal at issue. "Contrary to the government's position, the mere fact that a noncitizen is detained does not deprive district courts of jurisdiction under § 1252(b)(9)." *Id.* As stated by the Supreme Court: "The question is not whether *detention* is an action taken to remove an alien but whether *the legal questions* in this case arise from such an action." *Jennings v. Rodriguez*, 583 U.S. 281, 295 n.3 (2018) (plurality op.) (emphasis in original); *accord Ozturk*, 136 F.4th at 399 (recognizing that "the discussion of § 1252(b)(9) in *Jennings* is not part of the plurality opinion of the Court," while also recognizing that "the relevant part of *Jennings* does not support the conclusion that § 1252(b)(9) bars jurisdiction over habeas challenges to detention" and that part "in fact rejected the government's 'expansive interpretation of § 1252(b)(9)'").

Petitioner specifically challenges Respondents' legal authority to subject him to mandatory detention under § 1225, instead of detention with a bond hearing under § 1226(a). This specific challenge does not constitute "a review [of] an order of removal, the decision to seek removal, or the process by which removability will be determined." *Beltran v. Noem*, No. 25-CV-2650, 2025 WL 3078837, at *3 (S.D. Cal. Nov. 4, 2025). Thus, § 1252(b)(9) provides no jurisdictional bar in this case.

In addition, Petitioner does not have the opportunity to "efficaciously" present his claims "'within the administrative proceedings' already available." *Duron*, 898 F.3d 647 (quoting *Aguilar*, 510 F.3d at 11). Under these procedural facts, the core of this dispute is whether Petitioner can be detained with no bond hearing, that is, with no administrative opportunity to contest his detention pending a removal determination. If § 1252(b)(9) precluded this habeas petition, Petitioner's detention would be effectively unreviewable, especially considering the BIA's novel position that immigration judges lack authority to entertain bond requests. *See Jennings*, 583 U.S. at 293; *In re Yajure Hurtado*, 29 I. & N. Dec. at 220. "By the time a final order of removal was eventually entered, the allegedly [illegal] detention would have

already taken place. And of course, it is possible that no such order would ever be entered in a particular case, depriving that detainee of any meaningful chance for judicial review." *Jennings*, 583 U.S. at 293.

### 4. <u>Conclusion Regarding Jurisdiction</u>

For the reasons stated, the Court concludes Respondents' jurisdictional challenges fail, and the Court has jurisdiction to consider the arguments presented in the instant habeas petition.

## B.    Review of Substantive Merits

The question to be determined in this habeas petition is whether § 1225(b)(2) applies to all noncitizens who, like Petitioner, are already in the country but entered without inspection. If so, § 1225(b)(2) makes detention mandatory for Petitioner. If not, § 1226(a) applies, thereby making his detention discretionary. "Overwhelmingly, courts have rejected the interpretation offered by Respondents that § 1225(b)(2) requires the detention of all noncitizens living in the country who are 'inadmissible' because they entered the United States without inspection." *Belsai D.S. v. Bondi*, No. 25-CV-3682 (KMM/EMB), 2025 WL 2802947, at *5 (D. Minn. Oct. 1, 2025) (collecting cases).

In the aftermath of *In re Yajure Hurtado*, this specific issue has been heavily litigated in courts across the country, generally resulting in a rejection of Respondents' broad interpretation of § 1225(b)(2). *See*, *e.g.*, *Mboup v. Field Off. Dir. of N.J. Immigr. & Customs Enf't*, No. 2:25-CV-16882 (MEF), 2025 WL 3062791, at *1 & n.3 (D.N.J. Nov. 3, 2025) (collecting cases); *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (same). These opinions rejecting Respondents' interpretation rely on several rationales, from statutory language and context to legislative history and longstanding agency practice. *See Rodriguez v. Bostock*, ___ F. Supp. 3d ___, ___, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *1 & n.3 (W.D. Wash. Sept. 30, 2025) (collecting cases). The Court finds these opinions generally persuasive and, following the reasoning in this majority determination of this specific issue, this Court also concludes the same and rejects Respondents' broad interpretation of § 1225(b)(2) under the facts in this case. Specifically, this Court finds the plain

language of § 1225(b)(2) and the Supreme Court's interpretation of relevant statutes reveal the flaw in Respondents' interpretation.

In pertinent part, § 1225(b)(2)(A) states, "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for" removal proceedings under § 1229a. Under the clear terms of this provision, three conditions are necessary to invoke mandatory detention: (1) the noncitizen must be "an applicant for admission"; (2) the noncitizen must be "seeking admission"; and (3) "the examining immigration officer" must determine that the noncitizen "is not clearly and beyond a doubt entitled to be admitted." *See*, *e.g.*, *Lopez Benitez v. Francis*, No. 25 Civ. 5937 (DEH), 2025 WL 2371588, at *6 (S.D.N.Y. Aug. 13, 2025).

The term "applicant for admission" includes a noncitizen "present in the United States who has not been admitted." 8 U.S.C. § 1225(a)(1). With respect to a noncitizen, "'admission' and 'admitted' mean . . . the lawful entry of [such person] into the United States after inspection and authorization by an immigration officer." *Id*. § 1101(a)(13)(A). Because Petitioner is present in the United States but does not satisfy the definitions within § 1101(a)(13)(A), he is an "applicant for admission." "Under th[e] statutory definition, 'admission' is the lawful *entry* of an alien after inspection, something quite different, obviously, from post-entry adjustment of status." *Martinez v. Mukasey*, 519 F.3d 532, 544 (5th Cir. 2008).

Here, under the facts particular to Petitioner's detention, he was not seeking "admission," as that term is defined by § 1101(a)(13)(A), in that he was not seeking entry, much less "lawful entry . . . after inspection" and authorization. *See Martinez*, 519 F.3d at 544. Respondents' interpretation "would render the phrase 'seeking admission' in § 1225(b)(2)(A) mere surplusage." *Lopez Benitez*, 2025 WL 2371588, at *6. Because Petitioner is not "seeking admission," ICE may not detain him under § 1225(b)(2).

Furthermore, in *Jennings*, the Supreme Court discussed the relationship between § 1225 and § 1226: "In sum, U.S. immigration law authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2). It also authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings under §§ 1226(a) and (c)." *Jennings*, 583 U.S. at 289. Even if this statement might be considered as dicta, courts in the Fifth Circuit "are generally bound by Supreme Court dicta, especially when it is recent and detailed." *McRorey v. Garland*, 99 F.4th 831, 837 (5th Cir. 2024) (quoting *Hollis v. Lynch*, 827 F.3d 436, 448 (5th Cir. 2016), *abrogated on other grounds by United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024)); *accord Siders v. City of Brandon*, 123 F.4th 293, 304 (5th Cir. 2024). Regardless, this Court finds *Jennings* instructive.

Based upon this interpretation of "seeking admission," the Court concludes § 1225(b)(2) applies to noncitizens "seeking admission," and § 1226 applies to noncitizens such as Petitioner who are "already in the country." Consequently, Respondents may not detain Petitioner pursuant to § 1225(b)(2). Based upon this showing, Petitioner has satisfied his burden of proving he is being held contrary to law by a preponderance of the evidence. *See Villanueva v. Tate*, ___ F. Supp. 3d ___, ___, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025); *Bruce v. Estelle*, 536 F.2d 1051, 1058 (5th Cir. 1976).

Because Petitioner cannot be detained under § 1225(b)(2), further detention is permissible only if there is a valid source of lawful detention. However, Respondents do not assert any other basis for detaining Petitioner. In fact, they assert that the only relief available to him is release from custody. Absent an assertion by Respondents that they are detaining Petitioner under § 1226, the Court has no need to consider whether § 1226 is a valid basis for Petitioner's current detention. *See Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025). The same can be said regarding potential detention under

§ 1225(b)(1).[3]  In addition, the Court will not consider any constitutional or other challenge presented. While the Court recognizes that Respondents' interpretation and application of §§ 1225(b)(2) and 1226(a) may be the subject of a nationwide class action in the Central District of California, *see Maldonado Bautista v. Santacruz*, ___ F. Supp. 3d ___, ___, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (certifying proposed nationwide bond eligible class), the Court does not view that case as precluding it from granting habeas relief in this case at this time. There is no reason to delay Petitioner's release.

Although Petitioner invokes jurisdiction under 28 U.S.C. §§ 1331 and 2241 and cites to the Administrative Procedures Act,  the Court treats the instant action solely as a habeas action under § 2241. Petitioner does not specifically seek any non-habeas relief and has not paid the required filing fee for any non-habeas claim. "The payment of the $5 habeas filing fee relegates this action to habeas relief only. One cannot pay the minimal habeas fee and pursue non-habeas relief." *Ndudzi v. Castro*, No. SA-20-CV-0492-JKP, 2020 WL 3317107, at *2 (W.D. Tex. June 18, 2020).  Moreover, the Court denies Petitioner's request for attorney's fees and costs because fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, are not available in habeas corpus proceedings like this one, *see Barco v. Witte*, 65 F.4th 782, 785 (5th Cir. 2023).

Under the facts and circumstances of this case, this Court must conclude Petitioner's detention is unlawful, and habeas relief is proper.

---

[3] While § 1225(b)(1) provides for detention when the detainee is in expedited removal proceedings, Petitioner here is undisputedly in full, rather than expedited, removal proceedings. Respondents have conceded in other cases that a noncitizen cannot simultaneously be in both full and expedited removal proceedings. *See Patel v. Tindall*, No. 3:25-CV-373-RGJ, 2025 WL 2823607, at *5 (W.D. Ky. Oct. 3, 2025) (collecting cases).  Thus, even if § 1225(b)(1) could apply, as a general matter, to Petitioner, and Respondents asserted it as a basis for detention, Petitioner is not subject to expedited removal proceedings and, therefore, is not subject to § 1225(b)(1)'s detention provisions. Respondents cannot detain Petitioner in connection with expedited removal proceedings that do not exist.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that the Petition for Writ of Habeas filed pursuant to 28 U.S.C. § 2241 (ECF No. 1) is **GRANTED** such that:

1.  Respondents are **DIRECTED** to **RELEASE** Petitioner Christian Miranda Gonzalez (A221-425-432) from custody, under appropriate conditions of release no more restrictive than those in place prior to the detention at issue in this case, to a public place **as soon as practicable, but in no event later than noon on Friday, January 16, 2026**.

2.  Respondents must **NOTIFY** Petitioner's counsel by email[4] or by an in-person telephone conference (a voicemail does not comply with this order) of the exact location and time of Petitioner's release as soon as practicable and at least two hours before his release.

3.  Any possible or anticipated removal or transfer of Petitioner under this present detention is **PROHIBITED**.

4.  If Petitioner is re-detained pursuant to 8 U.S.C. § 1226, all applicable procedures must be followed, including that he be afforded a bond hearing.

5.  The Respondents shall **FILE** a Status Report no later than **noon on January 20, 2026**, confirming that Petitioner has been released under conditions of release no more restrictive than those in place prior to the detention at issue in this case.

6.  Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (ECF No. 2) is DISMISSED AS MOOT.

7.  Petitioner's request for an award of reasonable attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, is DENIED.

---

[4] Email: Dan@GividenLaw.com or telephone: (972) 256-8641.

8.      Motions pending, if any, are DISMISSED AS MOOT, and the Clerk is DIRECTED to

CLOSE this case.  A final judgment will issue separately.

It is so ORDERED.

SIGNED this 14th day of January, 2026.

 

 

FRED BIERY
UNITED STATES DISTRICT JUDGE